UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNIE LEE KING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 2:18-cv-2049-JEO |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Plaintiff Johnnie Lee King appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability insurance benefits ("DIB") under Title XVI of the Social Security Act. ("the Act"). (Doc. 1).[1] The case has been assigned to the undersigned United States Magistrate Judge pursuant to this court's general order of reference. The parties have consented to the jurisdiction of this court for disposition of the matter. *See* 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(a). (Doc. 11). King timely pursued and exhausted his administrative remedies, and the Commissioner's decision is ripe for

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

review pursuant to 42 U.S.C. § 405(g). For the reasons discussed below, the court concludes that the Commissioner's decision is due to be affirmed.

## I. PROCEDURAL HISTORY

King was fifty-eight years old on the alleged disability onset date. (R. 18, 140).[2] He has a high school education and past work experience as a cement truck driver and a dump truck driver. (R. 18, 179). King alleges that he became disabled on July 24, 2015, due to diabetes. (R. 178).

After the Social Security Administration ("SSA") denied his claims initially, (R. 88-92), King requested a hearing before an Administrative Law Judge ("ALJ"). (R. 93-94). A hearing was held on November 16, 2017, in Birmingham, Alabama. (R. 51-74). Following the hearing, the ALJ denied his claim. (R. 10-20). King appealed the decision to the Appeals Council ("AC"). (R. 12-17). After reviewing the record,[3] the AC declined to further review the ALJ's decision. (R. 1-4). That decision became the final decision of the Commissioner. *See Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 (N.D. Ala. 2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)).

---

[2] References herein to "R. __" are to the administrative record found at Docs. 10-1 through 10-14 in the court's record.

[3] The AC did not consider the new evidence submitted by King. (R. 2). King does not challenge this lack of consideration.

On December 12, 2018, King initiated this action, proceeding *pro se*, by filing a General Complaint Form for Pro Se Litigants. (Doc. 1). In his complaint, King states the following under the "Statement of Claim" section:

> All records are not shown. Just the one to den[y] me
> Cooper Gree[n] – insulin
> Back – two broken ribs
> Depression – never spoke of
>
> Dr. Samuel M. Ruben, my primary care [doctor,] his statement was consider[ed] untrue, because of a nurse.

(Doc. 1 at 3). After the Commissioner answered, (doc. 10), the Clerk of Court entered a briefing letter on July 24, 2019, (doc. 12). In accordance with that briefing letter, the Commissioner filed a brief in support of the decision, (doc. 13), but no brief was filed by Plaintiff. However, because there was no indication on the docket sheet that the briefing letter was mailed to Plaintiff, the court reset the deadlines and gave Plaintiff additional time to file his initial brief and reply brief. (Doc. 14). The order detailing the new briefing deadlines was mailed to King on October 18, 2019, at the address he provided the court, and was not returned as undeliverable. (*See* docket sheet). King did not file a brief in support of his complaint. (*Id*.). Furthermore, King did not reply to the brief filed by the Commissioner in support of the decision denying King's claim. All deadlines for submitting briefs have passed, and this matter is ripe for adjudication.

## II. STATUTORY AND REGULATORY FRAMEWORK

To establish his eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). The Social Security Administration employs a five-step sequential analysis to determine an individual's eligibility for disability benefits. 20 C.F.R. § 404.1520(a).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Id.* at § 404.1520(a)(4)(i). "Under the first step, the claimant has the burden to show that she is not currently engaged in substantial gainful activity." *Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 F. App'x 862, 863 (11th Cir. 2012).[4] If the claimant is engaged in substantial gainful activity, the Commissioner will determine the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i) and (b). At the first step, the ALJ determined King has not engaged in substantial gainful activity since July 24, 2015. (R. 12).

---

[4] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

If a claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). An impairment "results from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Furthermore, it "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." *Id.* An impairment is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(c).[5] "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1521.

---

[5] Basic work activities include:

> (1) [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeing, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b).

A claimant may be found disabled based on a combination of impairments, even though none of her individual impairments alone is disabling. 20 C.F.R. § 404.1523. The claimant bears the burden of providing medical evidence demonstrating an impairment and its severity. *Id.* at § 404.1512(a). If the claimant does not have a severe impairment or combination of impairments, the Commissioner will determine the claimant is not disabled. *Id.* at § 404.1520(a)(4)(ii) and (c).

At the second step, the ALJ determined King has the following severe impairments: diabetes mellitus. (R. 12). The ALJ specifically excluded the following medically determinable impairments because she found that King does not experience any significant, persistent limitation as a result of these conditions: hypertension; hyperlipidemia; and gastroesophageal reflux disease (GERD). (R. 12-13). She also concluded that King's medically determinable mental impairments of adjustment disorder and marijuana use not cause more than minimal limitation in his ability to perform basic mental work activities and, therefore, considered them non-severe. (R. 13-15).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii); *see also id.* at § 404.1525-26. The claimant bears the burden of proving her impairment meets or equals one of the Listings. *Reynolds-Buckley*, 457

F. App'x at 863. If the claimant's impairment meets or equals one of the Listings, the Commissioner will determine the claimant is disabled. 20 C.F.R § 404.1520(a)(4)(iii) and (d). At the third step, the ALJ determined King did not have an impairment or combination of impairments that meet or medically equal the severity of one of the Listings. (R. 15).

If the claimant's impairment does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step. 20 C.F.R. § 404.1520(e); *see also id.* at § 404.1545. A claimant's RFC is the most he can do despite his impairment. *See id.* at § 404.1545(a)(1). At the fourth step, the Commissioner will compare the assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work. *Id.* at §§ 404.1520(a)(4)(iv) and (e), 404.1560(b). "Past relevant work is work that [the claimant] [has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* § 404.1560(b)(1). The claimant bears the burden of proving that her impairment prevents her from performing her past relevant work. *Reynolds-Buckley*, 457 F. App'x at 863. If the claimant is capable of performing his past relevant work, the Commissioner will determine the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560(b)(3).

7

Before proceeding to the fourth step, the ALJ determined King has the RFC to perform a limited range of medium work. (R. 15-18). More specifically, the ALJ found King had the following limitations to medium work, as defined in 20 C.F.R. § 404.1567(c):

> he should never climb ladders, ropes or scaffolds; but can have occasional exposure to extreme cold and vibration. He should have no exposure to hazards, such as unprotected heights and dangerous machinery.

(R. 15). At the fourth step, the ALJ determined King would not be able to perform his past relevant work as a cement truck driver and dump truck driver. (R. 18).

If the claimant is unable to perform his past relevant work, the Commissioner must finally determine whether the claimant is capable of performing other work that exists in substantial numbers in the national economy in light of the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and (g)(1), 404.1560(c)(1). If the claimant is capable of performing other work, the Commissioner will determine the claimant is not disabled. *Id.* at § 404.1520(a)(4)(v) and (g)(1). If the claimant is not capable of performing other work, the Commissioner will determine the claimant is disabled. *Id.*

At the fifth step, considering King's age, education, work experience, and RFC, the ALJ determined he can perform jobs that exist in significant numbers in the national economy, such as those of cleaner, laundry worker, and packer. (R. 19).

8

Therefore, the ALJ concluded King has not been under a disability as defined by the Act since July 24, 2015, through the date of the decision. (R. 19-20).

## III. STANDARD OF REVIEW

Review of the Commissioner's decision is limited to a determination whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). A district court must review the Commissioner's findings of fact with deference and may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Rather, a district court must "scrutinize the record as a whole to determine whether the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV. DISCUSSION

As noted above, King has failed to submit any brief, argument, list of authorities, or statement in support of his request for relief, despite being informed of his ability to do so in the briefing schedule. (*See* Doc. 14). In King's complaint, however, he articulated the following alleged errors in the ALJ's opinion: (1) rejection of his treating physician's opinion; and (2) not considering all his medical records. (Doc. 1 at 3). The court considers both arguments separately below.

### A. Treating Physician Opinion

King contends that the ALJ erred when she rejected the opinion of Dr. Samuel M. Rubin, his treating physician, "because of a nurse." (*Id.*). The Commissioner responds that the ALJ properly gave no weight to the opinion from Dr. Rubin because his opinion was not a medical opinion and was inconsistent with the longitudinal treatment records as well as his own examination of King. (Doc. 13 at 9-10).

A treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997). The Eleventh Circuit Court of Appeals has stated that "'good cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). In rejecting a medical opinion, the ALJ must clearly articulate his or her reasons for doing so.

Dr. Ruben drafted a letter "to whom it may concern" stating that King "is permanently disabled and treated at the Birming [sic] VA." (R. 687). The ALJ afforded no weight to this statement for the following reasons: (1) the determination of disability is a matter reserved for the Commissioner; (2) the statement is not consistent with the longitudinal treatment records or his own physical examination of King; and (3) the statement appears to rely solely on King's subjective complaints and inconsistent display, such as a slow gait. (R. 18).

The court concludes that the ALJ has shown "good cause" for assigning no weight to Dr. Ruben's statement. A physician's report "may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." *Crawford*, 363 F.3d at 1159 (quoting *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991)). The ALJ discussed Dr. Ruben's opinion and explained with

particularity the reasons why she afforded it little weight. (R. 18). Plaintiff's argument that Dr. Ruben's opinion was rejected "because of a nurse", (doc. 1 at 3), is not supported by record. Instead, the ALJ rejected Dr. Ruben's opinion that Plaintiff was "permanently disabled" for the three specific reasons stated above. Those articulated reasons are supported by substantial evidence. As correctly noted by the ALJ, the opinion concerns an issue that is reserved to the Commissioner. (R. 18). The pertinent regulation provides that opinions on issues reserved to the Commissioner, such as whether a claimant is disabled or unable to work, are not medical opinions:

> Opinions on some issues, such as the examples that follow, are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability.
>
> > (1) Opinions that you are disabled. We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.

20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); *see also Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 878 (11th Cir. 2013) (finding doctor's statement that claimant's condition would "likely prevent her from maintaining gainful employment" was not a medical assessment).

Additionally, the ALJ discredited Dr. Ruben's opinion because it is not consistent with the longitudinal treatment records or his own physical examination. (R. 18). For example, Dr. Ruben's June 20, 2017 examination revealed no edema of the extremities and good A1C levels. (R. 17, 468-69). Although he noted that Plaintiff's gait was slow, the ALJ explained that this finding was not consistent with Plaintiff's presentation of normal gait numerous times elsewhere in the medical records. (R. 17-18, 320, 340, 427, 468, 551, 565, 671). Instead, Dr. Ruben's opinion appeared to be based on the subjective complaints of Plaintiff, which the ALJ found not entirely consistent with the medical evidence and other evidence of record. (R. 16).

For the reasons discussed above, the court concludes that the ALJ did not err in according no weight to the opinion of Dr. Ruben that Plaintiff "is permanently disabled." The ALJ clearly articulated his reasons for assigning little weight to the opinion and the court agrees with the ALJ that the opinion was not supported by the treatment records.

### B. Consideration of all Medical Evidence

King also states that "all records are not shown" but "just the one[s] to den[y]" his application. (Doc. 1 at 3). He points to three things in support of this statement: (1) "Cooper Gree[n] – insulin"; (2) "Back – two broken ribs"; and (3) "Depression – never spoke of." (*Id*.). From the above, the court assumes that what Plaintiff

13

argues is that the ALJ "cherry-picked" certain evidence and disregarded other evidence to support his decision, specifically the three listed above. The Commissioner does not respond directly to this argument, but generally argues that substantial evidence supports the ALJ's decision that Plaintiff is not disabled. (Doc. 13 at 5-13). The court agrees.

The records from Cooper Green do not support a finding that the ALJ's opinion is unsupported by substantial evidence. The records, many of which are illegible, detail numerous visits to Cooper Green, (R. 240-287). The court is unsure what the "insulin" reference supports, other than the fact that Plaintiff was prescribed insulin, and the ALJ found a severe impairment of diabetes mellitus. (R. 12).

With regard to Plaintiff's reference to "back – two broken ribs," Plaintiff did not point the court to any medical evidence to support this condition as a severe impairment. Apparently, Plaintiff sustained broken ribs when he fell off his truck in December 2014. (R. 289). The medical records from Brookwood Occupational Health Clinic, where Plaintiff was treated, indicate that his condition was treated with medication and rest. (R. 289-321, 688-92). He was initially placed on restricted work duty, but was returned to regular duty on January 9, 2015. (R. 300). Although he continued to return with complaints of back pain, he was not placed on any additional restricted work duty. (R. 314-21). The court finds no error in the fact that the ALJ did not recount this history. This is especially true in light of the fact that

he was returned to unrestricted work and upon examination by Dr. Dallas Russell, the consultative physician on January 26, 2016, Plaintiff's back had no spasm or deformity, and his range of motion was normal with no tenderness. (R. 13, 17, 340).

With regard to Plaintiff's alleged "depression," the ALJ specifically addressed Plaintiff's adjustment disorder and considered the four areas of mental functioning. (R. 13-14). The court has reviewed the evidence regarding Plaintiff's depression diagnosis and finds that substantial evidence support the ALJ's determination that this impairment does not cause more than minimal limitations in Plaintiff's ability to perform basic mental work activities. (*See generally* R. 434-686). While the records generally reflect the diagnosis, the records also generally reflect improvement and control of his depression with medication and therapy. (*See id.*).

The court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram*, 496 F.3d at 1260; Dyer, 395 F.3d at 1210. However, the court has "scrutinize[d] the record as a whole" and determined that "the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239 (internal citations omitted). As such, the court finds no error.

## V. Conclusion

Having reviewed the administrative record and considered all of the arguments presented by the parties, the undersigned find the Commissioner's

decision is supported by substantial evidence and in accordance with applicable law. Therefore, the court finds that the ALJ's decision is due to be **AFFIRMED**. A separate order will be entered.

    **DATED**, this 31st day of January, 2020.

                                           _____
                                           **JOHN E. OTT**
                                           Chief United States Magistrate Judge